UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TWYLA WHITE,

                                           Case No.:

       Plaintiff,

vs.

ZAMORA HOSPITALITY GROUP, LLC
d/b/a THE HOTEL ZAMORA and
ZBG RESTAURANT GROUP, LLC

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, TWYLA WHITE (hereinafter referred to as "PLAINTIFF") by and through her undersigned counsel and sues the Defendants, ZAMORA HOSPITALITY GROUP, LLC d/b/a THE HOTEL ZAMORA (hereinafter referred to as "ZAMORA") and ZBG RESTAURANT GROUP, LLC (hereinafter referred to as "ZBG"), collectively known as "DEFENDANTS" and alleges as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

–1–

## PARTIES

3.      Plaintiff resides in Hillsborough County, Florida.

4.      Defendant, ZAMORA, is a Florida corporation licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County.

5.      Defendant, ZBG, is a Florida corporation licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County.

6.      At all times material herein, Defendants were an integrated enterprise or joint employer of Plaintiff.

## GENERAL ALLEGATIONS

7.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

8.      At all times material, Defendants acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

9.      Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

10.     Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

11.     Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on April 30, 2019.

12.     On July 31, 2019, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination.  A copy of the Charge of Discrimination and Dismissal is attached as

**Exhibit A**.  This Complaint has been filed within ninety (90) days of receipt of the Notice of Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

13.     Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, Florida Statutes, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

14.     In or around October 2018, Plaintiff began her employment with Defendants working as the Director of Housekeeping.

15.     In March 2019, Plaintiff objected to and reported to her General Manager and Human Resources inappropriate sexual behavior and conduct between the Executive Chef, Louis, and one of Plaintiff's employees which she found offensive and violative of the company's policies.

16.     Following her report of, objection to, and providing evidence and answering questions regarding the incident and offensive behavior, Plaintiff began getting reprimanded in retaliation.

17.     On or about March 22, 2019, Plaintiff was called into a meeting with her General Manager and the CEO.  Also present in the meeting was the Executive Chef, Louis, who was not Plaintiff's supervisor, nor did he have anything to do with her job duties.

18.     During the meeting Plaintiff was asked if she wanted to resign and receive a severance package.

19.     Plaintiff then stated that she felt she was being put in a hostile work environment because of the Executive Chef.

20.     Plaintiff was then informed that someone had already been interviewed for her position.

–3–

21.     Following the meeting, on or about April 1, 2019, Plaintiff stated to the owner that she felt she was put in a hostile work environment as the Executive Chef, who she had complained about, was present in the March 22, 2019 meeting.

22.     The owner then stated to Plaintiff "we can part ways, I have a separation paper for you to sign".

23.     Plaintiff then left without signing the separation paper.

24.     Upon information and belief Defendant had already hired Plaintiff's replacement.

**COUNT I**
**FLORIDA CIVIL RIGHTS ACT - RETALIATION**

25.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 -  24.

26.     Plaintiff suffered an adverse employment action for participating in an investigation and for opposing an employment practice made unlawful by the Florida Civil Rights Act.

27.     The aforementioned actions by Defendants constitute retaliation by Defendants in violation of  Florida Statutes Chapter 760.

28.     As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff demands judgment against Defendants for the following damages:

a.      Back pay and benefits;

b.      Interest in back pay and benefits;

–4–

     c.       Front pay and future benefits;

     d.       Loss of future earning capacity;

     e.       Emotional pain;

     f.       Suffering;

     g.       Attorneys fees and costs;

     h.       Punitive damages;

     i.       Inconvenience; and

     j.       For any other relief this Court deems just and equitable.

## COUNT II
## TITLE VII - RETALIATION

29.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 24.

30.     Plaintiff suffered an adverse employment action for participating in an investigation and for opposing an employment practice made unlawful by Title VII.

31.     The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 et seq.

32.     As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the following damages:

     a.       Back pay and benefits;

     b.       Interest on back pay and benefits;

     c.       Front pay and benefits;

     d.       Compensatory damages;

      e.        Pecuniary and non-pecuniary losses;

      f.        Costs and attorneys' fees;

      g.        Punitive damages; and

      h.        For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants, for an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) Dollars, plus costs, and for such other relief to which the Plaintiff may be justly entitled.

Dated this 28th day of October 2019.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff